THE COMMISSIONERS OF FIRE DISTRICT NO. 1, IN THE TOWNSHIP OF WOODBRIDGE AND COUNTY OF MIDDLESEX, RELATOR, v. WILLIAM H. GARDNER, TREASURER, ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *David T. Wilentz*.

For the respondents, *Henry St. C. Lavin*.

The opinion of the court was delivered by

KATZENBACH, J. This case is before this court on a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to command and direct the treasurer of the township of Woodbridge, the collector of said township and the municipal corporation known as "Township of Woodbridge" to pay to the relator, the commissioners of fire district No. 1, in the township of Woodbridge and county of Middlesex, the sum of $21,000.

The relator was incorporated under chapter 37 of the laws of 1885 (*Pamph. L.* 1885, *p.* 42), which is an act providing for the incorporation of fire districts. Under the act entitled "An act to provide means for protection against fires in townships" (*Pamph. L.* 1879, *p.* 109; 2 *Comp. Stat., p.* 2422), and acts amendatory thereof and supplemental thereto, the relator took the steps necessary to determine the amount of money to be raised for fire purposes in said fire district for the year 1927. The sum determined upon was $21,000. This sum was duly certified under the statute to the assessor of the township. The assessor assessed said sum on the inhabitants of the district and their estates, in the same manner as township taxes are assessed, and the sum of $21,000 was duly collected in the same manner as other township taxes. Under the provisions of the acts referred to it became the duty of the collector of the township to pay over all moneys by him received for this purpose to the commissioners of said fire district to be by them expended for fire purposes. It is conceded by counsel for the respondents that the provision of chapter 72 of the laws of 1879 (*Pamph. L.* 1879, *p.* 109), and chapter 36 of the laws of 1885 (*Pamph. L.* 1885, *p.* 43), as amended and supplemented, are plain that the moneys collected by the township collector are to be paid to the commissioners of the fire district. The respondents, however, contend that by recent legislation relating to or affecting municipalities the provisions of the statutes referred to have been by implication repealed so far as respects the control and disbursement by the board of fire commissioners of the funds collected in the manner stated above and which have heretofore been paid to the board of fire commissioners and disbursed by them. It is claimed that by recent legislation the custody and disbursments of such funds have been committed to the general finance officers of the township.

From the record it appears that this position is taken by the respondents at the instance of the commissioner of municipal accounts, an official whose office was created by an act approved March 27th, 1917 (*Pamph. L.* 1917, *p.* 472), mainly, if not entirely, as we read the legislation in that behalf, to supervise the operations of municipalities relating to sinking

funds, and incidentally, rather than primarily, to supervise the audits of municipal accounts.

It is not contended that the supervision of control of the accounts of fire districts has been specifically committed to the commissioner of municipal accounts by this act, but his attitude is taken upon the theory that such accounts are part of the general accounts of municipalities over which he has jurisdiction. The statutory provision relied on by the respondents is section 3 of article 14 of the act entitled "An act concerning municipalities," approved March 27th, 1917. *Pamph. L.* 1917, *p.* 357. This section provides as follows:

"All moneys received from any source by or on behalf of any municipality, or by any board or department thereof, except school moneys, shall be paid to the treasurer or other officer charged with the custody of the general funds of the municipality." This act was amended in 1920, but the amendment is not material to the question involved in this case.

We think the statutory provision above quoted inapplicable to the present case. The relator is not a municipality. It is not a board or a department of a municipality. To impose this section upon the funds of the relator after they have been received by the township is not only to declare an implied repealer *pro tanto* of the act relating to the incorporation of fire districts, but to extend section 3 beyond its plain language. Repealers by implication are never favored. *Hotel Registry Corporation* v. *Stafford,* 70 *N. J. L.* 528; *Hartley* v. *Board of Elections,* 93 *Id.* 313. The repugnancy between a later and an earlier statute must be reasonably plain. We do not think it plain that the provision of the Municipalities act above quoted justifies the conclusion that the legislature intended to deprive a board of fire commissioners in a fire district from the handling of its funds and the abolition of such machinery as it is necessary to have for the disbursement thereof, and to turn over all of its financial operations to the procedure adopted by the township committee.

It might well be deemed that section 3 of the Municipalities act is satisfied by the payment of the special tax collected into the hands of the treasurer of the township committee,

and that he satisfies the provisions of the law when he pays this money to the relator. Payment by the township treasurer to the relator of moneys collected for fire purposes is not only proper, but obligatory on the township treasurer subject to the ordinary rules and methods regarding payments. The relator would then be entitled to supervise the expenditure of the money and keep its accounts as heretofore.

This same question came before this court in the Trustees of the Free Public Library of Jersey City, relators, v. James F. Gannon, Director of Revenue and Finance of Jersey City, respondent, and was disposed of in this manner by an opinion filed in the office of the clerk of this court on February 9th, 1922.

As the only question involved in this proceeding is a question of law, the facts not being in dispute, a peremptory *mandamus* will issue for the payment by the township treasurer, or the officer of the township having control of the fund, to the relator of all moneys in hand for fire purposes for said fire district.